# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| BEVERLY JORDAN, )<br>)<br>Plaintiff, )<br>) CASE NO.: _____<br>v. )<br>)<br>ALEXANDER DOMINGUEZ; ) **Removed from the Circuit Court of**<br>AMERICAN NATIONAL PROPERTY ) **Russell County, Alabama**<br>AND CASUALTY COMPANY; AND ) **Civil Action No.: 57-CV-2024-900325**<br>FICTITIOUS DEFENDANTS )<br>Defendants. ) | |

## NOTICE OF REMOVAL

TO:  Craig Lewis
    Morgan & Morgan Birmingham, PLLC
    216 Summit Blvd., Suite 300
    Birmingham, AL 35243

    Jody Sellers, Circuit Court Clerk
    Russell County Circuit Court
    501 14th Street
    Phenix City, AL 36887

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant American National Property and Casualty Company ("ANPAC" and "Defendant") hereby serves notice of the removal of this case from the Circuit Court of Russell County, Alabama, to this Honorable Court, and respectfully shows unto the Court as follows:

# INTRODUCTION

The United States District Court for the Middle District of Alabama, Eastern Division embraces the county in which the state court action was filed. This court has jurisdiction under 28 U.S.C.§1332, and removal is proper pursuant to 28 U.S.C.§1441 in that there is complete diversity of citizenship among the parties in interest. In addition, this matter and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. §1332(a).

# PROCEDURAL REQUIREMENTS

1. Plaintiff Beverly Jordan ("Plaintiff") filed this lawsuit in the Circuit Court of Russell County, Alabama, on December 31, 2024, which remained pending in that state court as Civil Action No. CV-2024-900325.

2. Plaintiff initially named Alexander Dominguez and fictitious parties 1-19 as Defendants and asserted *inter alia* the following causes of action: negligence and wantonness arising out of a motor vehicle collision that occurred on or about December 18, 2023, in Phenix City, Alabama.

3. Plaintiff's initial complaint sought general and compensatory damages in addition to an award of punitive damages and reimbursement of all court costs.

4. On March 28, 2025, Plaintiff filed an Amended Complaint adding American National Property and Casualty Company as a Defendant and an

additional claim for uninsured (UM) and/or underinsured (UIM) motorist benefits. (Amended Complaint, ¶ 8, 9).

5. Defendant Alexander Dominguez does not need to consent to this removal because he has not been served with the Summons and Complaint. *See Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served."); *Thompson v. Lyndon S. Ins. Co.*, No. 4:18-CV-00623-ACA, 2018 WL 3655167, at *1 (N.D. Ala. July 25, 2018) ("A defendant who has not been served with the complaint at the time of removal is not required to consent to the removal. *See* 28 U.S.C. § 1446(b)(2)(A).").

## I. **Complete Diversity Exists in This Case.**

6. Pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction, and removal is proper pursuant to 28 U.S.C. § 1441 in that there is complete diversity of citizenship among the parties in interest.

7. Plaintiff alleges in her complaint that she is a resident of Russell County, Alabama and is therefore a citizen of the State of Alabama. (Amended Complaint, ¶ 1). Plaintiff also alleges that Defendant Alexander Dominguez is, upon information and belief, a resident of Bernillo County, New Mexico and is therefore a citizen of the State of New Mexico. Defendant ANPAC is a foreign corporation

with its principal place of business in Springfield, Missouri and is a citizen of the State of Missouri. (Id. at ¶ 2).

8. Therefore, the citizenship of all parties is completely diverse.

## II. The Amount in Controversy Exceeds $75,000.

9. In addition to complete diversity, to confer diversity jurisdiction the amount in controversy between the parties must exceed the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

10. In the present case, Plaintiff seeks a judgment for an unspecified monetary amount of compensatory and punitive damages in her Complaint.

11. More specifically, Plaintiff alleges that as a direct and proximate result of Defendant's negligence and wantonness, Plaintiff has been injured and seeks damages as follows:

    a. Physical pain and mental anguish;

    b. Medical treatment and was prevented from going about his normal activities;

    c. Permanently injured;

    d. Incurred medical expenses to treat and cure her injuries;

    e. Past and future lost wages;

    f. Vehicle rendered less valuable;

    g. She was injured and damaged, all to her detriment.

(Complaint ¶ 6-7 (a)-(g)).

12. Where a plaintiff seeks unspecified damages, as here, a removing defendant "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F. 3d 1184, 1208 (11th Cir. 2007). "If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'" *Bankhead v. American Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008) (quoting *Williams v. Best Buy Co.*, 269 F. 3d 1216, 1319 (11th Cir. 2001)). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy. *See, e.g., Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010)); *Pretka v. Kolter City Plaza II, Inc.*, 608 F. 3d 744, 768 (11th Cir. 2010); *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414, 1415 (M.D. Ala. 1986) (to disallow removal just because plaintiff did not allege a jurisdictional amount would be "simply unfair"). Calculation of the amount in controversy includes both compensatory and punitive damages. *Bell v. Preferred Life Assurance Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Rae v. Perry*, 392 Fed. Appx. 753, 755 (11th Cir. 2010) (citing *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987)). For purposes of establishing the jurisdictional amount in controversy, "multiple claims

for relief can and should be considered together in determining [that] amount." *Howard v. Globe Life Ins. Co.*, 973 F. Supp. 1412, 1418 (N.D. Fla. 1996) (citing with approval *Pipes v. American Sec. Ins. Co.*, cv 96-H-206-NE (N.D. Ala. February 29, 1996)).

13.     Further, calculation of the amount in controversy includes both compensatory damages (the medical expenses and mental anguish damages) and punitive damages sought by Plaintiff. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). For purposes of establishing the jurisdictional amount in controversy, "multiple claims for relief can and should be considered together in determining [that] amount." *Howard v. Globe Life Ins. Co.*, 973 F. Supp. 1412, 1418 (M.D. Fla. 1996); 14A WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 3704 (value of claims are added together to determine jurisdictional amount); *See also, e.g., Hogan v. Mason*, No. CV 2:16-BE-1732-S, 2017 WL 1331052, at *3 (N.D. Ala. Apr. 11, 2017) (requesting punitive damages, along with the other allegations in the complaint in a car wreck case satisfies the amount in controversy); *Cordell v. W.W. Williams Co.*, 16 F. Supp. 3d 1351, 1357 (N.D. Ala. 2014) (denying motion to remand based on $32,824.74 in controversy at the time of the removal); *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1291-92 (N.D. Ala. 2009) (finding amount in controversy satisfied with compensatory damages of $23,172.28 and "a

punitive award of slightly more than double the compensatory damages would occasion an amount in controversy that exceeds the jurisdictional minimum").

14. Relevant evidence of the amount in controversy includes responses to discovery. In *Griffith v. Wal-Mart Stores East, L.P.* the Court states:

> "The removal procedure statute, 28 U.S.C. § 1446, contemplates two ways that a case may be removed based on diversity jurisdiction. The first way (formerly referred to as "first paragraph removals")1 involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. See 28 U.S.C. § 1446(b)(1) (2012). The second way (formerly referred to as "second paragraph removals") contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012) (emphasis added)."

*Griffith*, 884 F. Supp. 2d at 1223 (emphasis added); ("In *Lowery*, the court expressly noted that a demand letter establishing an amount in controversy exceeding $75,000 constitutes an 'other paper' upon which removal may be based…for purposes of ascertaining the amount in controversy, consideration of the pre-suit demand letter is permitted by *Lowery*."); *Lozano v. Schoellerman*, 2009 WL 211080, *2 (S.D. Tex. Jan. 28, 2009).

15. Here, Defendant was served with Plaintiff's Responses to Defendant American National Property and Casualty Company's Requests for Admissions on June 6, 2025, whereby Plaintiff admitted to seeking damages in excess of $75,000

thereby "ascertaining the amount in controversy." *Id*. **Exhibit A**, **Plaintiff's Responses to Defendant ANPAC's Requests for Admissions.**

16. Additionally, Plaintiff was insured through American National Property and Casualty Company with policies which provided "full, stacked UM/UIM benefits" in the amount of $150,000.00, thus satisfying the $75,000 jurisdictional minimum amount-in-controversy. S*ee, Mayfield v. Progressive Specialty Ins. Co.*, No. 7:12-CV-02898-MHH, 2012 WL 12903690 (N.D. Ala. Dec. 28, 2012) ( plaintiff placing available policy limits at issue satisfied jurisdictional minimum where policies' UIM coverage limits exceeded $75,000).

17. Therefore, removal of this action is proper on the basis of diversity jurisdiction because the parties are diverse and the amount in controversy more likely than not exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Lowe v. State Farm Fire & Cas. Co*., 2016 WL 818658, at *3 (M.D. Ala. Feb. 16, 2016), citing *Pretka v. Kolter City Plaza II, Inc*., 608 F. 3d 744, 753-54 (11th Cir. 2010); *Lowery*, 483 F. 3d at 1211.

### III.  This Notice of Removal is Timely.

18. Defendant was served with Plaintiff's Responses to Defendant American National Property and Casualty Company's Requests for Admissions on June 6, 2025, whereby Plaintiff admitted to seeking damages in excess of $75,000. Receipt of this admission was the proof necessary for ANPAC to properly remove

8

this matter. Accordingly, this Notice of Removal is filed within thirty (30) days of the date of service of Plaintiff's Responses to Defendant American National Property and Casualty Company's Requests for Admissions. This notice of removal, therefore, has been filed within the time allowed by law under 28 U.S.C. § 1446(b). *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

19. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a copy of this Notice with the Clerk of the Circuit Court of Russell County, Alabama through the court's electronic filing system and providing written notice to all parties.

20. An entire copy of the state court file as it existed on July 7, 2025, including all process, pleadings, and orders, is attached hereto as **Exhibit B**.

## CONCLUSION

21. Based on the foregoing, this action is one over which this Court has original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. §§ 1441, *et seq*.

WHEREFORE, Defendant ANPAC gives notice of the removal of this case to the United States District Court for the Middle District of Alabama, Eastern Division.

Respectfully submitted this 7th day of July 2025.

>  */s/ Joseph L. Cowan*
> JOSEPH L. COWAN, II (ASB-3620-A61J)
> *Counsel for Defendant American National Property and Casualty Company*

**OF COUNSEL:**

HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North – Suite 400
Birmingham, AL 35203
Telephone: (205) 324-4400
Email:  jcowan@handfirm.com
          rharris@handfirm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 7, 2025, the following document has been served on all parties of record via the CM/ECF System and/or by U.S. Mail as follows:

Craig Lewis
Morgan & Morgan Birmingham, PLLC
216 Summit Blvd., Suite 300
Birmingham, AL 35243

Jody Sellers, Circuit Court Clerk
Russell County Circuit Court
501 14th Street
Phenix City, AL 36887

                                            */s/ Richele T. Harris*
                                            OF COUNSEL